UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD BASORA,

                    No. 22-CV-3300

             Plaintiff,

                    **COMPLAINT**

     - against -

                    JURY TRIAL DEMANDED

THE CITY OF POUGHKEEPSIE, TYLER HOAG, and
GREGORY SCHWEIZER,

             Defendants.
------------------------------------------------------------------X

       Plaintiff Richard Basora, by his attorneys, The Fu Firm PLLC, respectfully alleges, upon

information and belief, as follows:

## PRELIMINARY STATEMENT

       1.      This is a civil rights action in which Plaintiff seeks relief for the violation of his

rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States

Constitution, and the laws of the State of New York.

       2.      On April 28, 2021, Plaintiff was arrested by City of Poughkeepsie Police

Department ("CPPD") officers.

       3.      After Plaintiff was handcuffed and while he was being escorted to a police vehicle,

he was pushed by Defendant Tyler Hoag.

       4.      Plaintiff fell and sustained serious injuries, including ten broken ribs.

       5.      At the time he was pushed by Hoag, Plaintiff was not resisting arrest or provoking

the Defendants in any way.

       6.      Defendant Gregory Schweizer made no effort to intervene or prevent Hoag's

actions.

7.      Defendants' actions were wanton, malicious, and done with deliberate indifference to Plaintiff's safety and constitutional rights.

## JURISDICTION AND VENUE

8.      This action arises under 42 U.S.C. §§ 1983 and 1988.

9.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

10.     Supplemental jurisdiction exists over any and all state law claims that are related to the claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose within the confines of this judicial district.

12.     On or about July 19, 2021, and within ninety (90) days after the claims herein accrued, Plaintiff served on the City of Poughkeepsie a timely Notice of Claim under New York General Municipal Law § 50-e.

13.     A hearing was conducted in compliance with General Municipal Law § 50-h.

14.     At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

## THE PARTIES

15.     Plaintiff, Richard Basora, is an individual residing in Poughkeepsie, New York.

16.     Defendant City of Poughkeepsie (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York.  At all relevant times, Defendant City, acting through the CPPD, was responsible for the policy, practice, supervision, implementation, and conduct of all CPPD matters and was responsible for the appointment,

training, supervision, discipline, retention, and conduct of all CPPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the CPPD, and for ensuring that CPPD personnel obey the laws of the United States and the State of New York.

17.    Defendant Tyler Hoag was at all relevant times a Police Officer employed by the CPPD, acting within the course of his employment and under color of State law.

18.    Defendant Gregory Schweizer was at all relevant times a Police Officer employed by the CPPD, acting within the course of his employment and under color of State law.

## FACTUAL ALLEGATIONS

19.    On April 28, 2021, at around 4:30 a.m., Plaintiff was involved in an altercation with another individual in the driveway of Plaintiff's home in Poughkeepsie, New York.

20.    During the incident, Defendants Hoag and Schweizer arrived in marked CPPD police vehicles in front of Plaintiff's house.

21.    Hoag grabbed Plaintiff's arms and handcuffed Plaintiff behind his back.

22.    Plaintiff complied and did not resist or challenge the Defendants in any way.

23.    Hoag then directed Plaintiff down the driveway and towards a police vehicle in the street.

24.    While escorting Plaintiff, Hoag stayed behind Plaintiff and held onto Plaintiff.

25.    Hoag then pushed Plaintiff from behind, causing Plaintiff to fall forward onto the pavement.

26.    This push was gratuitous and unprovoked.

27.    Because Plaintiff's hands were handcuffed behind his back, Plaintiff could not break his fall.

28.     Throughout the encounter, Schweizer was within a few feet of Hoag and Plaintiff and close enough to intervene in Hoag's use of excessive force.  Instead, Schweizer made no effort to prevent, mitigate, or stop Hoag's conduct towards Plaintiff.

29.     As a result, Plaintiff suffered serious physical injuries, including ten displaced rib fractures, internal bleeding, and chest and shoulder pain.

30.     Defendants' acts and omissions also caused Plaintiff to suffer mental and emotional distress.

## FIRST CLAIM FOR RELIEF

### Excessive Force Under the Fourth and Fourteenth Amendments

### (Against Defendants Hoag and Schweizer)

31.     Plaintiff repeats and realleges each and every allegation set forth above.

32.     Defendants Hoag and Schweizer were, at all relevant times, on-duty police officers charged with upholding the law and protecting public safety.

33.     Hoag and Schweizer, acting under color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force by using force that was not objectively reasonable in light of the facts and circumstances.

34.     Hoag gratuitously pushed Plaintiff, causing him to fall.

35.     Schweizer failed to intervene to prevent, was deliberately indifferent to, and in all respects acquiesced to Hoag's actions.

36.     Defendants deprived Plaintiff of his rights intentionally, knowingly, recklessly, willfully, wantonly, and/or maliciously.

## SECOND CLAIM FOR RELIEF

### Assault

### (Against Defendants City of Poughkeepsie and Hoag)

37.    Plaintiff repeats and realleges each and every allegation set forth above.

38.    Defendant Hoag intentionally placed Plaintiff in fear of imminent harm and/or offensive contact.

39.    Hoag's conduct was not reasonable or otherwise justified.

40.    As a result, Plaintiff suffered trauma and emotional distress.

41.    The City is liable to Plaintiff for the conduct of its employee Hoag because he was acting within the scope of his employment during the incident described above.

## THIRD CLAIM FOR RELIEF

### Battery

### (Against Defendants City of Poughkeepsie and Hoag)

42.    Plaintiff repeats and realleges each and every allegation set forth above.

43.    Defendant Hoag intentionally and wrongfully made physical contact with Plaintiff without his consent.

44.    Hoag's conduct was not reasonable or otherwise justified.

45.    As a result, Plaintiff suffered injuries as set forth above.

46.    The City is liable to Plaintiff for the conduct of its employee Hoag because he was acting within the scope of his employment during the incident described above.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a.    For compensatory damages in an amount to be determined at trial;

b.      For punitive damages to the extent allowable by law;

c.      For costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988

and the inherent powers of this Court;

d.      For pre- and post-judgment interest as allowed by law; and

e.      For such other and further relief as this Court deems just and proper.

Dated: April 22, 2022
       New York, NY

THE FU FIRM PLLC

By: */s/ Yan Fu*
       Yan Fu
       43 W. 43rd Street, Suite 205
       New York, NY 10036
       (212) 584-0581
       yfu@thefufirm.com
       *Counsel for Plaintiff*