UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD BASORA,

                        Plaintiff,

-against-

THE CITY OF POUGHKEEPSIE, et al.,

                        Defendants.

**OPINION & ORDER**

22-CV-03300 (PMH)

PHILIP M. HALPERN, United States District Judge:

Richard Basora ("Plaintiff") brings this action against the City of Poughkeepsie (the "City") and Officer Tyler Hoag ("Hoag" and together, "Defendants"), asserting a claim of excessive force under 42 U.S.C. § 1983 and state law claims of assault and battery in connection with an arrest effectuated on April 28, 2021. (Doc. 1, "Compl.").[1]

Pending before the Court are the parties' cross-motions for summary judgment under Federal Rule of Civil Procedure 56. Defendants seek the dismissal of Plaintiff's Complaint. (Doc. 46; Doc. 48; Doc. 49, "Def. Br."). Plaintiff seeks a judgment of liability on his claims for relief. (Doc. 52; Doc. 54; Doc. 55, "Pl. Br.").

For the reasons set forth below, the cross-motions for summary judgment are DENIED.

## BACKGROUND

The Court recites the facts herein only to the extent necessary to adjudicate the extant motions for summary judgment and draws them from the pleadings, Defendants' Rule 56.1 Statement with Plaintiff's responses thereto and statement of additional material facts (Doc. 47, "56.1"), as well as the parties' affidavits and exhibits annexed thereto.

---

[1] Plaintiff, on December 1, 2023, pursuant to Order and Stipulation, voluntarily dismissed his claim against defendant Gregory Schweizer alleging failure to intervene. (Doc. 36).

On April 28, 2021, Plaintiff was arrested following an altercation with the driver of a vehicle parked in Plaintiff's driveway. (56.1 ¶¶ 2-3). Prior to the altercation, Plaintiff had been drinking. (*See id*. ¶¶ 8, 42).[2] Thereafter at home, Plaintiff heard the dog barking and went downstairs to see his door open to the outside, as well as a car parked in his driveway. (*Id*. ¶¶ 12-13, 49-50). Plaintiff approached the driver's side of the vehicle and said in sum and substance, "What the hell?" (*Id*. ¶¶ 14, 52). The vehicle's driver, Sam Brickell, started yelling at Plaintiff and threatening him. (*Id*. ¶¶ 3, 15). Plaintiff and Brickell started yelling at each other. (*Id*. ¶ 16). Brickell got out of the car and Plaintiff observed a knife or box cutter. (*Id*. ¶¶ 17, 54). After seeing the weapon, Plaintiff and Brickell started running around Brickell's car. (*Id*. ¶¶ 18, 55). Plaintiff, seeing that the car door was open, took Brickell's keys and threw them inside his house. (*Id*. ¶¶ 23, 58). Plaintiff grabbed a wooden chair and a knife and struck Brickell's windshield with the chair. (*Id*. ¶¶ 24-26, 59-60). Plaintiff went back into his house and when he came outside again, the police were there. (*Id*. ¶¶ 27, 63-64). Plaintiff then kicked the side of the fender of Brickell's vehicle because he was angry and that is when he noticed a police officer. (*Id*. ¶¶ 28-29, 64). Plaintiff was also pushing Brickell's door to keep him away. (*Id*. ¶ 30).

---

[2] The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York instruct that a "paragraph in the [movant's] statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). Furthermore, "[e]ach statement by the movant or opponent . . . including each statement denying and controverting any statement of material fact, must be followed by citation to evidence which would be admissible . . . ." *Id*. at 56.1(d). Plaintiff's responses to paragraphs 7, 9, 10-21, 23-24, 29, 42-63, 67, 99-105, 108, 110-116, 123; and Defendants' responses to paragraphs 144-147 simply state "this is not a material fact." Because the parties do not specifically deny, controvert by a correspondingly numbered paragraph, nor cite to admissible evidence following those responses, the Court deems them admitted for purposes of these cross-motions. *See McGowan v. Stanley*, No. 23-7769-CV, 2024 WL 5038633, at *2 (2d Cir. Dec. 9, 2024) (noting that the Second Circuit "has instructed that Local Rule 56.1 is strict"); *Brooke v. Cnty. of Rockland*, No. 17-CV-03166, 2021 WL 809320, at *2 (S.D.N.Y. Mar. 3, 2021), *aff'd*, No. 21-598-CV, 2022 WL 6585350 (2d Cir. Oct. 11, 2022).

After Plaintiff grabbed the door and kicked the fender, Hoag grabbed Plaintiff and placed him in handcuffs. (*Id*. ¶¶ 80, 83). Hoag had realized Plaintiff had a knife in his hand when he placed Plaintiff in handcuffs. (*Id*. ¶ 80). He leaned Plaintiff against the car on his stomach, placed Plaintiff in handcuffs behind his back, and led him to the street. (*Id*. ¶¶ 31, 33, 65-66, 83, 86-87). As Hoag led him to the street, Plaintiff lifted his leg towards Brickell and/or the car door. (*Id*. ¶¶ 36, 72-73, 92, 132). Officer Hoag then tugged Plaintiff's right arm back with his left hand to pull Plaintiff away. (*Id*. ¶¶ 37, 92, 137). The pull did not cause Plaintiff to fall. (*Id*. ¶ 138). He continued to walk towards the police vehicle for one or two seconds and took at least one or two steps. (*Id*.). Plaintiff felt a shove from behind, felt a sharp pain in his shin, and went flying. (*Id*. ¶¶ 38-40). He fell forward from the end of his driveway into the middle of the street. (*Id*. ¶¶ 140-142). Plaintiff broke ten right-side ribs when he hit the ground. (*Id*. ¶ 143). It takes significant force to fracture that many ribs. (*Id*. ¶¶ 144-147).

The entire incident was recorded on Hoag's body cam. (*Id*. ¶ 90; Doc. 48, Ex. G).[3] Plaintiff did not try to flee. (56.1 ¶ 136). On the night of the arrest, Plaintiff was "very, very aggressive, very belligerent, seemed heavily intoxicated, argumentative." (*Id*. ¶ 81). Hospital records show that Plaintiff's blood alcohol concentration on April 28, 2021 was 0.15% and his toxicology analysis was also positive for urine cocaine metabolites and urine opiates. (*Id*. ¶¶ 126-127). Retrospective data suggests that the combination of alcohol and cocaine can potentiate the tendency towards thoughts and threats, which may lead to an increase in violent behaviors. (*Id*. ¶ 129). Plaintiff was charged with Obstruction of Government Administration and Criminal Mischief. (*Id*. ¶¶ 97-98).

This litigation followed.

---

[3] Defendants submitted the body cam video file marked as Exhibit G, which is not filed on the docket. The Court's citations herein to the video, "Ex. G," are to the elapsed time tracked in the video file.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, No. 17-CV-03875, 2020 WL 917294, at *4 (S.D.N.Y. Feb. 26, 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[4] "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). "The question at summary judgment is whether a genuine dispute as to a *material* fact exists—not whether the parties have a dispute as to any fact." *Hernandez v. Comm'r of Baseball*, No. 22-343, 2023 WL 5217876, at *5 (2d Cir. Aug. 15, 2023) (citing *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022)).

The Court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *McKinney*, 49 F.4th at 738 (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence. The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The Court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 2020 WL 917294, at *4 (quoting *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, if "there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. *See Glover v. Austin*, 289 F. App'x 430, 431 (2d Cir. 2008) ("Summary judgment is appropriate if, but only if, there are no genuine issues of material fact supporting an essential element of the plaintiffs' claim for relief."); *Pimentel v. City of New York*, 74 F. App'x 146, 148 (2d Cir. 2003) (holding that because plaintiff "failed to raise an issue of material fact with respect to an essential element of her[] claim, the District Court properly granted summary judgment dismissing that claim"). Simply put, the movant must separately establish that the law favors the judgment sought.

Cross-motions for summary judgment do not alter the basic standard. *McGowan*, 2024 WL 5038633, at *1. "When both parties move for summary judgment, asserting the absence of any

5

genuine issues of material fact, a court need not enter judgment for either party." *Roberts v. Genting New York LLC*, 68 F.4th 81, 88 (2d Cir. 2023). Where, as here, the parties have cross-moved for summary judgment, a reviewing court evaluates each party's motion "on its own merits," and draws all reasonable inferences "against the party whose motion is under consideration." *Id.* (quoting *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

## ANALYSIS

Plaintiff presses claims for excessive force under 42 U.S.C. § 1983 and state law assault and battery.[5] 42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *6 (S.D.N.Y. June 30, 2021) (quoting *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021) (alteration in original)).

Plaintiff's excessive force claim is analyzed under the reasonableness standard of the Fourth Amendment. *See Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019); *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015); *McDonald v. City of Troy*, No. 18-CV-01327, 2021 WL 2232565, at *4 (N.D.N.Y. June 3, 2021) (explaining that "[t]he Fourth Amendment protects a free citizen from excessive force in the course of an arrest"). "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in

---

[5] "With the exception of the state actor requirement, the elements of a Section 1983 excessive force claim and state law assault and battery claims are substantially identical." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013) (citing *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991)).

light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation.'" *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham v. Conor*, 490 U.S. 386, 397 (1989)). Analyzing whether a particular use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Calixto v. City of New York*, 778 F. App'x 59, 59-60 (2d Cir. 2019) (quoting *Graham*, 490 U.S. at 396). Generally, when assessing whether a particular use of force was reasonable, "courts must look to the totality of the circumstances relating to the conduct of law enforcement officers, including the manner in which the plaintiff's alleged injuries were inflicted during the arrest." *Kayo v. Mertz*, No. 19-CV-00365, 2021 WL 1226869, at *14 (S.D.N.Y. Mar. 31, 2021); *see also Gutierrez v. New York*, No. 18-CV-03621, 2021 WL 681238, at *14 (E.D.N.Y. Feb. 22, 2021) (noting that evaluating the use of force "is fact-specific and requires balancing of various factors"). "Given the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004).

Plaintiff contends that Hoag pushed him to the ground. (Pl. Br. at 4). Defendants contend that Plaintiff lost his balance and fell. (Def. Br. at 6, 10). The parties insist that even though the fact most material to the inquiry—whether Hoag pushed Plaintiff or Plaintiff merely stumbled and fell—is sharply disputed, the Court can resolve these cross-motions as a matter of law by simply viewing the body cam footage of the incident. The Court considered and carefully reviewed the video evidence submitted by the parties, mindful that "summary adjudication of a plaintiff's civil rights claim [is permitted] only in those exceptional cases where the video evidence in the record is sufficient to 'blatantly contradict[ ]' one party's version of events." *Hulett v. City of Syracuse*,

253 F. Supp. 3d 462, 482 (N.D.N.Y. 2017) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). The parties agree that upon consideration of the body cam footage, if the Court finds there is a factual dispute about what occurred and whether Plaintiff was pushed, then neither party is entitled to summary judgment. (*See* Pl. Br. at 1 ("If the Court finds that there is an issue of material fact about whether Plaintiff was pushed, then this matter should proceed to a jury trial."); Doc. 56 at 5 ("If, as plaintiff suggests, there is a factual dispute over what occurred, the court cannot grant summary judgment to the plaintiff, and would not be able to grant it to defendants for that matter . . . .")).

 The video is approximately 17 minutes long. (*See* Ex. G). The officer wearing the body cam, presumably Hoag, is speaking with an individual, presumably Brickell, in the first minute of the video, standing next to a car in a driveway in front of a house. (*Id*. at 0:00:45-0:0055). Another individual, presumably Plaintiff, is shown walking out of the house yelling, whereupon he proceeds to kick the car. (*Id*. at 0:00:55-0:01:01). A scuffle ensues, and the sound of the officer securing handcuffs can be heard. (*Id*. at 0:01:01-0:01:40). The handcuffed individual, presumably Plaintiff, is then led to the street and as he and the officer near the end of the driveway, the handcuffed individual falls forward into the street. (*Id*. at 0:02:00-0:02:06). The video is dark, low-quality, grainy, and does not reveal what caused Plaintiff to fall. (*See generally id*.). In other words, neither Defendants' nor Plaintiff's version of events can be determined dispositively based upon what can be seen in those one to two seconds of the videotape. (*Id*. at 0:02:05-0:02:06). Thus, issues of fact preclude summary judgment for either party on Plaintiff's claims. *Cornell v. Vill. of Clayton*, 691 F. Supp. 3d 608, 620 (N.D.N.Y. 2023) ("Upon review, the video footage does not conclusively establish that the force used by the Village officers was objectively reasonable under the circumstances. The footage is of relatively low quality, there is no accompanying audio, and

the footage shows the incident from only one angle and at a distance. As a result, it is difficult to discern from the footage the amount of force used by the Village officers. Therefore, the appropriate course of action is to permit a jury the opportunity to resolve the parties' competing versions of events in conjunction with the footage. Accordingly, the Village defendants' motion for summary judgment with respect to plaintiff's excessive force claim shall be denied."); *Hulett*, 253 F. Supp. 3d at 494-95 ("After reviewing the bus surveillance video several times in conjunction with the audio transcript and the parties' supporting testimony as to the relevant timeline of events, it simply cannot be said, as a matter of law, that no reasonable factfinder could draw the set of conclusions necessary to find in either [plaintiff's or defendant's] favor.").

Given the conclusions reached herein, the Court must also reject Defendants' argument concerning its affirmative defense of qualified immunity at this juncture.[6] Specifically, the "pertinent events" leading up to Plaintiff's arrest are disputed and summary judgment, therefore, would be inappropriate. *Brock v. City of New York*, No. 15-CV-01832, 2018 WL 3579099, at *7-8 (S.D.N.Y. July 25, 2018); *see also Kerman v. City of New York*, 261 F.3d 229, 241 (2d Cir. 2001) (reversing summary judgment on qualified immunity grounds because of the parties' disputed accounts of the events leading to plaintiff's arrest); *Quon v. City of New York*, No. 14-CV-09909, 2016 WL 4411416, at *4-5 (S.D.N.Y. Aug. 18, 2016) (denying summary judgment due to the

---

[6] The Court notes that Defendants did not specifically move for summary judgment on their affirmative defense of qualified immunity. Local Rule 7.1(a)(1) provides that "[a] notice of motion . . . shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion." Defendants' Notice of Motion seeks "order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment dismissing plaintiff's complaint." (Doc. 46). That notice does not identify that Defendants seek summary judgment on any of the affirmative defenses asserted in their Answer. While failure to comply with the Local Rules is, on its own, a sufficient ground to warrant denial of a motion, the Court has discretion to overlook a failure to comply with Local Rule 7.1 and exercises such discretion on this motion, as the parties have fully briefed the issue of summary judgment on qualified immunity grounds. *See Singer v. Massachusetts Mut. Life Ins. Co.*, No. 21-CV-08450, 2023 WL 3506404, at *1 (S.D.N.Y. May 17, 2023), *aff'd*, No. 23-0863, 2024 WL 1172893 (2d Cir. Mar. 19, 2024).

parties' "significantly different accounts of [p]laintiff's arrest" and holding that "a jury must determine what transpired between the officers and [p]laintiff before the Court can make a determination as to qualified immunity"). The Court cannot determine on this record whether Hoag pushed Plaintiff, whether Plaintiff fell, or whether Hoag's conduct under the circumstances was objectively reasonable. *See Bacote v. Riverbay Corp.*, No. 16-CV-01599, 2017 WL 11567934, at *12 (S.D.N.Y. Nov. 8, 2017) ("Because summary judgment on qualified immunity grounds is inappropriate where there are disputed issues of fact pertinent to a determination of the reasonableness of an officer's conduct, Defendants' motion for summary judgment on this basis is denied."); *see also Nazario v. Thibeault*, No. 22-01657, 2023 WL 7147386, at *2 (2d Cir. Oct. 31, 2023) (open material issues of fact preclude finding of qualified immunity); *Zwick v. Town of Cheektowaga*, No. 17-CV-00727, 2021 WL 4895106, at *6 n.7 (W.D.N.Y. Oct. 20, 2021) ("[G]iven the existence of a genuine issue of material fact, the Court will not address the viability of any qualified-immunity defense.").

Because, as explained *supra*, the circumstances leading up to Plaintiff's injury are sharply disputed and hinge on resolution of the parties' competing version of events, which can only be made at trial, summary judgment in favor of either party is inappropriate. Accordingly, Plaintiff's excessive force claim under § 1983 shall proceed to trial. For the same reasons set forth with respect to Plaintiff's excessive force claim, Plaintiff's assault and battery claims likewise shall proceed to trial. *See Cornell*, 691 F. Supp. 3d at 622; *Rizk v. City of New York*, 462 F. Supp. 3d 203, 228 (E.D.N.Y. 2020).

**CONCLUSION**

For the foregoing reasons, the parties' cross-motions for summary judgment are DENIED.

The excessive force and assault and battery claims for relief alleged in Plaintiff's Complaint against Defendants shall proceed to jury trial.

The parties shall, by February 14, 2025, file those materials required by Rules 6(A) and 6(B) of this Court's Individual Practices.

The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 46; Doc. 52).

SO ORDERED.

Dated: White Plains, New York
       January 8, 2025

_____
Philip M. Halpern
United States District Judge